IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BLUDWORTH SHIPYARD, L.L.C., | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § § | _____ |
| THE DREDGE CAPT FRANK BECHTOLT, OFFICIAL NO. 656965, HER EQUIPMENT, APPURTENANCES, TACKLE, ETC., *IN REM*, | § § § § § § § | FILED UNDER RULE 9(H) FED. R. CIV. P.  (ADMIRALTY) |
| DEFENDANT. | § | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

NOW COMES Plaintiff, John Bludworth Shipyard, L.L.C. ("JBS" or "Plaintiff"), against Defendant the dredge CAPT FRANK BECHTOLT (the "Dredge"), Official No. 656965, her equipment, appurtenances, tackle, etc. *in rem*, and alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343 ("CIMLA").

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. This is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule C" and the "Supplemental Rules") for the arrest of the Dredge.

4. Personal jurisdiction is founded up on the presence of the Vessel within the Southern District of Texas, which may be arrested in accordance with the provisions of Rule C, as pled in greater detail below.

## THE PARTIES

5. At all material times, JBS was and still is a Texas-registered company with an office and place of business at 3101 Navigation, Corpus Christi, TX 78402.

6. Defendant CAPT FRANK BECHTOLT, Official No. 656965, her equipment, appurtenances, tackle, etc., is a dredge barge flagged and registered under the laws of the United States. Upon information and belief, the Dredge is presently docked at or near the T.W. LaQuay Marine facility in Port Lavaca (i.e., at 24 Fisher Rd, Port Lavaca, TX 77979), and is and will remain within the jurisdiction of the United States and this Honorable Court during the pendency of this action. It is believed that the current physical address of the CAPT FRANK BECHTOLT is 2110 S. Virginia, Port Lavaca, TX 77979.

7. Upon information and belief, the Dredge is owned by Manson Construction Co. ("Manson"), a foreign company incorporated under the laws of Washington and with its primary place of business in that state, but which is registered to do business in Texas and maintains an office in Texas at One Riverway, 777 S. Post Oak Lane Suite 1700, Houston, TX 77056. Manson is not a party to this action, and is referenced herein for factual purposes only.

## THE FACTS

8. On or about April 8, 2020, non-party T.W. LaQuay Marine, LLC ("LaQuay") entered into an agreement with JBS for work and repair services to a group of three barges which were configured to act as a single dredging unit. The three barges included the dredge barge, the CAPT FRANK BECHTOLT, as well as a spud barge and a booster barge.

9. JBS preformed the work and repair services as requested by LaQuay, and on September 30, 2020, JBS issued its detailed invoice identifying the charges performed on a per-barge basis. See Ex. A. Not including interest which had already accrued, the total principal charges reflected in the invoice were $1,911,923.00 for the work associated with the CAPT FRANK BECHTOLT, $487,740.00 for the spud barge, and $509,742.00 for the booster barge. *Id*. However, to date, no payment has been received for the work performed on any of the barges that made up the dredging unit.

10. Both the CAPT FRANK BECHTOLT and the attached booster barge were bareboat chartered to LaQuay. On information and belief, the spud barge component of the three-piece dredging unit was/is owned outright by LaQuay.

11. The total principal due for the services and materials provided by JBS to the CAPT FRANK BECHTOLT is $1,911,923.00, plus accrued interest and attorney fees in accordance with Texas law.

## ALLEGATIONS IN SUPPORT OF VESSEL ARREST

12. The Plaintiff, JBS, repeats and re-alleges allegations 1 through 11 as if set forth at length herein.

13. Pursuant to 46 U.S.C. §31342(a), a person who provides "necessaries" to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien on the vessel, (2) may bring a civil action *in rem* to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel. In turn, pursuant to 46 U.S.C. §31301(4), the term "necessaries" is expressly defined to include repairs and supplies.

14. The repair services that JBS provided to the Dredge were all done on the order of the Dredge or a person(s) authorized by the Owner in accordance with CIMLA. LaQuay and the

Dredge have refused to pay for all open invoices and to date continues to do so. As bareboat charterer, LaQuay was the owner *pro hac vice* of the CAPT FRANK BECHTOLT while it was under bareboat charter.

15. The Dredge has received the benefit of the aforementioned repair services and is indebted to JBS and obligated to pay for the aforementioned services.

16. JBS performed all conditions precedent to warrant full and complete payment for the aforementioned services.

17. Payment of all sums has been duly demanded by JBS. However, to date, LaQuay and the Dredge have neglected, failed or otherwise refused to pay the outstanding principal sum of $1,911,923.00, plus accrued interest and attorney's fees, which is indisputably due and owing to JBS for the repair services provided to the CAPT FRANK BECHTOLT.

18. As a result of the foregoing, JBS possesses a maritime lien on the Dredge for the provision of necessaries, *i.e.* repair service, for the principal amount of $1,911,923.00, plus accrued interest, future interest, and costs and attorney's fees, which is enforceable by this suit *in rem* and in accordance with the provisions of Rule C of the Supplemental Rules.

19. Under the General Maritime Law of the United States and the facts as set forth in the Verified Complaint and the circumstances herein, JBS is entitled to the immediate arrest of the Defendant Dredge.

**WHEREFORE**, John Bludworth Shipyard, L.L.C. prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the Dredge, citing it to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B. That a warrant for the arrest of the CAPT FRANK BECHTOLT be issued on an expedited basis due to the transitory nature of the Dredge and that the Dredge be seized by the U.S. Marshal, and thereafter transferred to the custody of a substitute custodian, to be held as security against any judgment to be entered herein against the Dredge, her equipment, appurtenances, tackle, etc., *in rem*;

C. That after due proceedings, judgment be entered in favor of John Bludworth Shipyard, L.L.C. and against the Dredge, her equipment, appurtenances, tackle, etc., *in rem*, for the amount of $1,911,923.00, plus accrued and post-judgment interest, costs, available attorney's fees, if any, costs of *custodia legis*, and disbursements for this action;

D. That following the arrest, the Dredge and her equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award John Bludworth Shipyard, L.L.C. the full amount of its claim out of the proceeds of the said sale, together with interest, costs, and attorney's fees; and,

E. That the Court grant John Bludworth Shipyard, L.L.C. such other and further relief as may be just, equitable, and proper.

165585.06501/129707012v.1

Dated: October 13, 2022
       Houston, Texas

Respectfully submitted,

*/s/ Keith B. Letourneau*
Keith B. Letourneau
BLANK ROME LLP
State Bar No. 00795893
Federal I.D. No. 20041
Zachary Cain
State Bar No. 24078297
Federal I.D. No. 1829905
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone:  (713) 228-6601
Facsimile:   (713) 228-6605
Email: kletourneau@blankrome.com
Email: zcain@blankrome.com

*Attorneys-in-charge for Plaintiff,*
*John Bludworth Shipyard, L.L.C.*

## CERTIFICATE OF SERVICE

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with Rule C of the Federal Rules of Civil Rules of Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

*/s/ Keith B. Letourneau*
Keith B. Letourneau

165585.06501/129707012v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BLUDWORTH SHIPYARD, L.L.C., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | _____ |
| | § | |
| THE DREDGE CAPT FRANK BECHTOLT, | § | FILED UNDER RULE 9(H) FED. R. CIV. P. |
| OFFICIAL NO. 656965, HER | § | |
| EQUIPMENT, APPURTENANCES, | § | (ADMIRALTY) |
| TACKLE, ETC., *IN REM*, | § | |
| | § | |
| DEFENDANT. | § | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Gasper C. D'Anna, declares under the penalty of perjury:

1. I am the President of John Bludworth Shipyard, L.L.C.

2. I have read the foregoing Original Verified Complaint and know the contents thereof.

3. The matters asserted in the Original Verified Complaint are true to the best of my personal knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 12, 2022
Houston, Texas

Respectfully submitted,

/s/ Gasper C. D'Anna
Gasper C. D'Anna